UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS CORPORATION, | ) | CASE NO.: 4:25-cv-00880-BMB |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| -VS- | ) | |
| | ) | |
| INSIGHT FOUNDATION OF TRUMBULL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Insight Foundation of Trumbull ("Defendant"), by and through the undersigned counsel, hereby submits its Answer and Affirmative Defenses in response to Plaintiff, Roche Diagnostics Corporation's ("Plaintiff")'s Complaint (the "Complaint"), and denies each and every statement, allegation, and averment contained in the Complaint except and to the extent specifically admitted below.

1. Deny. The obligations Defendant assumed as part of the Steward Health Care System bankruptcy are set forth within the 5,000 pleadings, motions, orders, and agreements in the bankruptcy case captioned *In Re Steward Health Care System LLC*, US Bankruptcy Court for the Southern District of Texas, Case #24-90213, and Defendant denies any allegations inconsistent with its responsibilities set forth therein.

2. Deny. The obligations Defendant assumed as part of the Steward Health Care System bankruptcy are set forth within the 5,000 pleadings, motions, orders, and agreements in the bankruptcy case captioned *In Re Steward Health Care System LLC*, US Bankruptcy Court for the Southern District of Texas, Case #24-90213, and Defendant denies any allegations inconsistent with its responsibilities set forth therein.

3. Defendant denies for lack of knowledge the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies for lack of knowledge the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant states that the letter referred to therein speaks for itself and denies all allegations inconsistent with the written document.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant states that the Letter Agreement referred to therein speaks for itself and denies all allegations inconsistent with the written document.

12. Defendant denies for lack of knowledge the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant incorporates by reference the admissions and denials set forth in the preceding paragraphs of this Answer as if fully rewritten herein.

15. In response to Paragraph 15 of Plaintiff's Complaint, Defendant states that the Letter Agreement referred to therein speaks for itself and denies all allegations inconsistent with

the written document. Defendant denies the remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies for lack of knowledge the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant incorporates by reference the admissions and denials set forth in the preceding paragraphs of this Answer as if fully rewritten herein.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant incorporates by reference the admissions and denials set forth in the preceding paragraphs of this Answer as if fully rewritten herein.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant incorporates by reference the admissions and denials set forth in the preceding paragraphs of this Answer as if fully rewritten herein.

27. Defendant denies for lack of knowledge the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies all allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses to the allegations asserted in Plaintiff's Complaint, Defendant states as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by Plaintiff's failure to mitigate or avoid damages.

3. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

4. Plaintiff's claims are barred by the doctrine of set-off.

5. Plaintiff's claims are barred by the Plaintiff's own acts or omissions.

6. Plaintiff's damages, if any, were the result of the actions undertaken, or not undertaken, by third parties.

7. Plaintiff has failed to join all necessary parties.

8. Defendant reserves the right to raise additional affirmative defenses as the same may become known during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint against Defendant with prejudice;

2. Order an award of court costs, reasonable attorneys' fees, and other reasonable expenses incurred in connection with the defense of this action to Defendant; and

3. Order any further relief that this Court believes just and proper.

Respectfully submitted,

*/s/ Alex J. McCallion*
Alex J. McCallion (#0086773)
BRENNAN MANNA & DIAMOND, LLC
4518 Fulton Drive, Suite 202
Canton, Ohio 44718
Phone/Fax: (330) 374-7473
E-Mail:  ajmccallion@bmdllc.com

*Counsel for Defendant,*
*Insight Foundation of Trumbull*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of June, 2025, a true copy of the foregoing was filed.  Notice of this filing will be sent to all parties via the Court's electronic filing system.

*/s/ Alex J. McCallion*
Alex J. McCallion (#0086773)
*Counsel for Defendant,*
*Insight Foundation of Trumbull*

4905-0856-5066, v. 1