UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROCHE DIAGNOSTICS CORPORATION, | CASE NO.: 4:25-cv-00880-BMB |
| Plaintiff, | MAGISTRATE JUDGE JAMES E. GRIMES, JR. |
| -VS- | |
| INSIGHT FOUNDATION OF TRUMBULL, | |
| Defendant. | |

**<u>DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant, Insight Foundation of Trumbull ("<u>Defendant</u>"), by and through the undersigned counsel, hereby submits its First Amended Answer and Affirmative Defenses in response to Plaintiff, Roche Diagnostics Corporation's ("<u>Plaintiff</u>")'s Complaint (the "<u>Complaint</u>"), and denies each and every statement, allegation, and averment contained in the Complaint except and to the extent specifically admitted below.[1]

1. In response to Paragraph 1 of the Complaint, Defendant admits that it is responsible for expenses incurred by Trumbull Regional Hospital and Hillside Rehabilitation Hospital after September 11, 2024, pursuant to an order in the bankruptcy case captioned *In Re Steward Health Care System LLC*, US Bankruptcy Court for the Southern District of Texas, Case #24-90213.

2. In response to Paragraph 2 of the Complaint, Defendant admits that Plaintiff provided goods and/or services to Defendant following September 11, 2024 and Defendant has not paid Plaintiff for those goods and/or services. Responding further, Defendant denies that the amount owed to Plaintiff totals $294,646.55.

---

[1] This amended pleading is filed pursuant to Magistrate Judge Grimes' direction given at the Case Management Conference, which was held on August 14, 2025.

3. Defendant denies for lack of knowledge the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies for lack of knowledge the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant admits that it received the certain Letter Agreement referred to therein. Responding further, Defendant denies that the Letter Agreement details that "Roche will maintain the pricing under the Original Agreement for Defendant until Plaintiff and Defendant … reach a new agreement." *Complaint*, ¶ 11. Rather, the Letter Agreement states: "the parties agree that the pricing shall apply through 1) the date a new Roche Diagnostics Agreement for Roche Tissue Diagnostics Products is entered into by both parties or 2) the date of 01/15/2025, whichever is earlier." (emphasis in original). A true and accurate copy of the Letter Agreement is attached hereto as **Exhibit A**.

12. Defendant denies for lack of knowledge the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant incorporates by reference the admissions and denials contained in the preceding paragraphs of this Answer as if fully rewritten herein.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. ]Defendant denies for lack of knowledge the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant incorporates by reference the admissions and denials contained in the preceding paragraphs of this Answer as if fully rewritten herein.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant incorporates by reference the admissions and denials set forth in the preceding paragraphs of this Answer as if fully rewritten herein.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     Defendant incorporates by reference the admissions and denials set forth in the preceding paragraphs of this Answer as if fully rewritten herein.

27.     Defendant denies for lack of knowledge the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies all allegations not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

For its affirmative defenses to the allegations asserted in Plaintiff's Complaint, Defendant states as follows:

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred by Plaintiff's failure to mitigate or avoid damages.

3.     Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

4.     Plaintiff's claims are barred by the doctrine of set-off.

5.     Plaintiff's claims are barred by the Plaintiff's own acts or omissions.

6.     Plaintiff's damages, if any, were the result of the actions undertaken, or not undertaken, by third parties.

7.     Plaintiff has failed to join all necessary parties.

8.     Defendant reserves the right to raise additional affirmative defenses as the same may become known during the course of discovery.

**WHEREFORE**, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint against Defendant with prejudice;

2. Order an award of court costs, reasonable attorneys' fees, and other reasonable expenses incurred in connection with the defense of this action to Defendant; and

3. Order any further relief that this Court believes just and proper.

                Respectfully submitted,

                */s/ Alex J. McCallion*
                Alex J. McCallion (#0086773)
                BRENNAN MANNA & DIAMOND, LLC
                4518 Fulton Drive, Suite 202
                Canton, Ohio 44718
                Phone/Fax: (330) 374-7473
                E-Mail:  ajmccallion@bmdllc.com

                *Counsel for Defendant,*
                *Insight Foundation of Trumbull*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of August, 2025, a true copy of the foregoing was filed.  Notice of this filing will be sent to all parties via the Court's electronic filing system.

                */s/ Alex J. McCallion*
                Alex J. McCallion (#0086773)
                *Counsel for Defendant,*
                *Insight Foundation of Trumbull*

4905-0856-5066, v. 2