## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ROCHE DIAGNOSTICS
CORPORATION,

          Plaintiff,

v.

INSIGHT FOUNDATION OF
TRUMBULL,

          Defendant.

Case No. 4:25-cv-00880-JEG

Magistrate Judge James E. Grimes Jr.

## PLAINTIFF ROCHE DIAGNOSTICS CORPORATION'S
## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Roche Diagnostics Corporation ("Plaintiff" or "Roche"), by and through its undersigned counsel, respectfully moves the Court for an order granting summary judgment on the claims raised in its complaint.  Plaintiff requests that this motion (this "Motion") be granted because there is no genuine issue as to any material fact and because Plaintiff is entitled to judgment as a matter of law.  Pursuant to L.R. 7.1, Roche's counsel sought concurrence from counsel to Insight Foundation of Trumbull ("Defendant") in this Motion and explained the nature of this Motion and its legal basis.  Defendant's counsel did not concur in the relief sought by this Motion.

In support of this Motion, Roche relies upon the attached Memorandum in Support, the concurrently filed Statement of Facts, and the concurrently filed Declaration of Barbara Kratville, which are incorporated herein by reference. Roche respectfully requests that the Court grant this Motion and that the Court thereafter set a date for a hearing to determine the amount of damages to be awarded.

Dated: January 30, 2026                    Respectfully submitted,


                                           *s/ Maria J. Cho*
                                           Maria J. Cho (*pro hac vice*)
                                           Faegre Drinker Biddle & Reath LLP
                                           1800 Century Park East, Suite 1500
                                           Los Angeles, CA 90067
                                           Tel: (310) 203-4000
                                           Fax: (310) 229-1285
                                           maria.cho@faegredrinker.com


                                           Paul A. Wolfla (Ohio Bar No. 0069801)
                                           Faegre Drinker Biddle & Reath LLP
                                           300 N. Meridian Street, Suite 2500
                                           Indianapolis, IN 46204
                                           Tel:  (317) 237-0300
                                           Fax:  (317) 237-1000
                                           paul.wolfla@faegredrinker.com


                                           *Attorneys for Plaintiff Roche*
                                           *Diagnostics Corporation*

2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ROCHE DIAGNOSTICS CORPORATION, | Case No. 4:25-cv-00880-JEG |
| Plaintiff, | Magistrate Judge James E. Grimes Jr. |
| v. | |
| INSIGHT FOUNDATION OF TRUMBULL, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF ROCHE DIAGNOSTICS CORPORATION'S MOTION FOR SUMMARY JUDGMENT

### I.   INTRODUCTION

This is an action brought by Roche Diagnostics Corporation ("Plaintiff" or "Roche") against Insight Foundation of Trumbull ("Defendant") for breach of contract, open book account, account stated, and unjust enrichment.  Plaintiff is seeking to recover from Defendant the damages sustained as a result of non-payment of amounts due for goods sold and/or services rendered.  For each claim, there is no genuine issue as to any material fact.  As a result, it is proper for the Court to grant Roche summary judgment on its claims.  Roche's claims reduce to questions of law, there are no issues of fact for a jury to decide, and summary judgment in favor of Roche is warranted.  In support of Roche's motion for summary judgment, Roche relies upon, and incorporates by reference herein, the facts set

forth in the *Plaintiff's Statement of Facts* ("Statement of Facts")[1] filed concurrently herewith.

## II.    LAW AND ARGUMENT

### A.    Standard for Summary Judgment

Pursuant to Fed. R. Civ. P. 56, "Summary judgment is proper when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Killion v. KeHE Distribs., LLC*, 761 F.3d 574, 580 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  Thus, to prevail, the moving party must demonstrate that there is no genuine dispute as to material fact entitling him to judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party has done so, the non-moving party must set forth specific facts in the record— not its allegations or denials in pleadings—showing a triable issue.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B.    Roche Is Entitled to Summary Judgment on Its Claims

#### 1.    Insight Breached a Contract with Roche

To prove a breach of contract, a plaintiff must establish (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage to the plaintiff."  *See Madison Int'l Liquidity Fund, LLC v. Al Neyer, Inc.*, 2009 WL 2169141, at \*5 (S.D. Ohio July 17, 2009) (citing *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio App. 2d Distr. 1994)).

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Statement of Facts.

2

This case is about $294,646.55 in unpaid invoices.  *See* Stmt. of Facts, Ex. B. Roche provided goods and/or services to Insight under the Agreement.  *See id*. ¶¶ 3, 7.  The Agreement should be enforced as a matter of law under the Uniform Commercial Code.

Valid and enforceable contracts exist between the parties wherein Roche agreed to provide Insight with certain goods and/or services.  Further, the following facts remain true:

- Roche performed all of its obligations under the Agreement.  *See id*. ¶ 10.

- Pursuant to the Agreement, Insight was required to pay Roche for the agreed-upon goods and/or services that were provided by Roche to Insight within 30 days of the invoice date.  *See id*. ¶ 7.

- Insight failed to make the required payments.  *See id*.  Therefore, Insight breached the express terms of the Agreement.  *See id*.

These facts leave only the issue of damages to be determined going forward. Accordingly, Roche respectfully submits that the Court grant summary judgment in favor of Roche on its breach of contract claim.

## 2.      Roche Established That an Open Account Exists

"Under Ohio law, an action on an account is appropriate where the parties have conducted a series of transactions, for which a balance remains to be paid." *Taylor Steel, Inc. v. Keeton*, 417 F.3d 598, 604 (6th Cir.2005) (citation omitted).  "An action upon an account . . . exists to avoid the multiplicity of suits necessary if each transaction between the parties (or item on the account) would be construed as constituting a separate cause of action." *Am. Sec. Serv., Inc. v. Baumann*, 289 N.E.2d 373, 377 (Ohio Ct. App. 1972).  In order to succeed in an action upon an

3

account, "the plaintiff must prove both all the elements of the contract and that the contract is one that involves transactions usually the subject of a book account." *Keeton*, 417 F.3d at 604 (citation omitted).

Here, there is no dispute that Roche and Insight were in a contractual relationship whereby Roche provided goods and/or services to Insight. Roche continued to provide products and/or services, and Roche memorialized the orders with invoices. *See* Stmt. of Facts ¶ 7. Insight does not dispute that it received the ordered products and/or services, and it does not allege that it was not invoiced for the same.

Having established that a contract existed, the plaintiff must then establish an account, which must show four things: (1) the defendant's name; (2) a beginning balance, preferably at zero, or with a sum recited that can qualify as an account stated; (3) an itemized list of credits and debits; and (4) a means of determining the calculation of the amount claimed to be owed. *See Asset Acceptance Corp. v. Proctor*, 63, 804 N.E.2d 975, 977 (2004). Each invoice was to be paid by Insight and addressed accordingly. *See* Stmt. of Facts, Ex. B. The itemized list of credits and/or debits are provided in the respective invoices, which were sent to Insight, and the sum of the amounts due on each invoice equals $294,646.55. *See id*.

Summary judgment on Roche's action on an account is proper because no genuine issue of material fact remains as to the amount actually due on the account.

4

3.    **Summary Judgment Is Appropriate on Roche's Account Stated Claim**

An account stated is defined as the following:

> [A]n agreed balance of accounts, expressed or implied, after admission of certain sums due or an adjustment of the accounts between the parties, striking a balance, and assent, express or implied. It has also been defined as an agreement between parties, express or implied, based upon an account balanced and rendered, and as an agreement between parties between whom there has been an account.

*Creditrust Corp. v. Richard*, 2000 WL 896265, at *5 (Ohio Ct. App. July 7, 2000). "Further, an account rendered by one person to another and not objected to by the latter within a reasonable time becomes an account stated." *Marten Transport, Ltd. v. Logistical Advantage Corp.*, 2023 WL 5277765, at *4 (N.D. Ohio, 2023) (citation omitted). Courts have held that it becomes the duty of the one to whom the account is rendered to examine the same within a reasonable time and object if they dispute its correctness. *See id.*

Here, Roche provided products and/or services, and Roche provided invoices regarding the same to Insight. *See* Stmt. of Facts ¶ 7. Insight does not dispute that it received the ordered products and/or services, and it did not dispute the correctness of the invoices. Therefore, there are no genuine issues of material fact, and Roche respectfully submits that the Court grant summary judgment in favor of Roche on its account stated claim.

4.    **Insight Has Been Unjustly Enriched Through the Non-payment of Monies Due and Owing to Roche**

"Unjust enrichment is an equitable doctrine to justify a quasi-contractual remedy that operates in the absence of an express contract or a contract implied in

fact to prevent a party from retaining money or benefits that in justice and equity belong to another." *Beatley v. Beatley*, 828 N.E.2d 180, 192–93 (Ohio App. 10th Dist., 2005).  While Roche and Insight were in a contractual relationship and Roche performed its duties under the Agreement, to the extent Insight argues that an express contract or a contract implied in fact does not exist, then Roche is entitled to restitution under the doctrine of unjust enrichment.

Insight received goods and/or services from Roche for which Roche issued invoices.  *See* Stmt. of Facts ¶¶ 7, 10.  These invoices remain due and owing to Roche.  *See id.* ¶ 7  To allow the invoices to go unpaid would unjustly enrich Insight, at the expense of Roche.

[*Remainder of the Page Left Intentionally Blank.*]

DMS_US.372618490.2

## III.    CONCLUSION

Based on the foregoing, Fed. R. Civ. P. 56 gives the Court authority to grant summary judgment in favor of Roche on its claims for breach of contract, open book account, account stated, and unjust enrichment.  There are no genuine issues of material fact for each of the claims.  Accordingly, the Court should grant summary judgment or issue an order deeming the undisputed facts established.

Dated: January 30, 2026                        Respectfully submitted,


*s/ Maria J. Cho*
Maria J. Cho (*pro hac vice*)
Faegre Drinker Biddle & Reath LLP
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Tel: (310) 203-4000
Fax: (310) 229-1285
maria.cho@faegredrinker.com


Paul A. Wolfla (Ohio Bar No. 0069801)
Faegre Drinker Biddle & Reath LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
Tel:  (317) 237-0300
Fax:  (317) 237-1000
paul.wolfla@faegredrinker.com


*Attorneys for Plaintiff Roche*
*Diagnostics Corporation*

7